FILED

NOV 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR MANUEL CALLES,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-70073<br><br>Agency No. A094-151-323<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Victor Manuel Calles, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Calles failed to establish past persecution or a fear of future persecution on account of a protected ground. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."); *Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005) ("[T]he record provides no evidence [that the people petitioner feared] imputed political beliefs to [petitioner]."). Accordingly, in the absence of a nexus to a protected ground, Calles' asylum and withholding of removal claims fail. *See Ochoa*, 406 F.3d at 1172.

Substantial evidence also supports the agency's findings that Calles was not tortured in the past, and that Calles failed to establish it is more likely than not that he would be tortured with the consent or acquiescence of the government if returned to El Salvador. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008). Accordingly, Calles' CAT claim fails.

Finally, we reject Calles' due process contention that the agency erred in

failing to provide a reasoned explanation for denying his asylum claim because it is belied by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**